OPINIONS OF THE SUPREME COURT OF OHIO
     The full texts of the opinions of the Supreme Court of Ohio
are being transmitted electronically beginning May 27, 1992,
pursuant to a pilot project implemented by Chief Justice Thomas
J. Moyer.
     Please call any errors to the attention of the Reporter's
Office of the Supreme Court of Ohio.  Attention:  Walter S.
Kobalka, Reporter, or Deborah J. Barrett, Administrative
Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010.  Your
comments on this pilot project are also welcome.
     NOTE:  Corrections may be made by the Supreme Court to the
full texts of the opinions after they have been released
electronically to the public.  The reader is therefore advised to
check the bound volumes of Ohio St.3d published by West
Publishing Company for the final versions of these opinions.  The
advance sheets to Ohio St.3d will also contain the volume and
page numbers where the opinions will be found in the bound
volumes of the Ohio Official Reports.

Lake Hospital System, Inc., Appellant, v. Ohio Insurance Guaranty
Association, Appellee.
[Cite as Lake Hosp. Sys., Inc. v. Ohio Ins. Guar. Assn.
(1994),         Ohio St.3d       .]
Insurance -- Ohio Insurance Guaranty Association -- Powers and
     duties -- R.C. 3955.08(A), construed -- Association not
     obligated to accept untimely claims.
The language of R.C. 3955.08(A) is mandatory and does not provide
     for any discretion on the part of the Ohio Insurance
     Guaranty Association to entertain claims that have been
     filed after the final date set for filing claims in a
     liquidation proceeding.
     (No. 93-310 -- Submitted April 19, 1994 -- Decided May June
29, 1994.)
     Appeal from the Court of Appeals for Cuyahoga County, No.
63755.
     During the period of August 1, 1984 to August 1, 1985,
Allied Fidelity Insurance Company ("Allied"), a company based in
Indiana and licensed to conduct business in Ohio, provided
malpractice insurance for plaintiff-appellant, Lake Hospital
System, Inc. ("Lake").  Sometime in 1986 or 1987, the Marion
(Indiana) Circuit Court ("the liquidating court") deemed Allied
insolvent.  Thereafter, the liquidating court established
December 1, 1987 as the final date on which creditors would be
permitted to file claims against Allied's estate.  Specifically,
the liquidating court ordered:
     "The 'Bar Date' for the filing of claims against the estate
of [Allied] is established as December 1, 1987.  Any person or
entity wishing to make a claim of any sort against [Allied] shall
by the Bar Date timely mail to the Liquidator *** a properly
executed Proof of Claim, with supporting documentation,
postmarked by not later than the Bar Date."
     On November 22, 1988, Lake was named as a new party
defendant in a medical malpractice action that had been pending
in the Cuyahoga County Common Pleas Court since November 1986.
The malpractice action allegedly arose from medical care provided
at Lake Hospital on June 30 and July 2, 1985.  In December 1989,
Lake contributed $233,950 in final settlement of its liability in

the pending action. During that same month, appellant filed a claim with the Ohio Insurance Guaranty Association ("OIGA") seeking reimbursement for the settlement payment Lake believed Allied would have been required to make but for its insolvency. OIGA rejected appellant's claim on the basis that it was filed more than two years after the bar date established by the liquidating court for filing claims against Allied's estate.

On July 18, 1991, Lake filed a motion to deem the claim of Lake Hospital System, Inc., timely filed with the Indiana liquidating court. That same day, the court granted Lake's motion, accepting Lake's claim as "timely filed under Ind. Code 27-9."[1] Following the order of the liquidating court, Lake again submitted a request with OIGA for reimbursement of the $233,950. OIGA ultimately rejected Lake's second claim by letter dated July 31, 1991.

In its complaint filed in the Cuyahoga County Court of Common Pleas, appellant alleged that its claim against OIGA constituted a "covered claim" as defined by R.C. 3955.01(B). Lake further alleged that pursuant to the terms of R.C. 3955.08(A), "OIGA is obligated to pay those covered claims in the amount of $233,950.00, dating from December, 1989."

Both parties filed motions for summary judgment. In an opinion dated April 30, 1992, the trial court granted OIGA's motion and overruled Lake's. The court of appeals affirmed.

This cause is now before the court pursuant to the allowance of a motion to certify the record.

Reminger & Reminger Co., L.P.A., and Nicholas D. Satullo, for appellant.

Vorys, Sater, Seymour & Pease and F. James Foley, for appellee.

Alice Robie Resnick, J. In deciding this case, we must once again consider the extent of OIGA's liability as defined by R.C. Chapter 3955. The sole issue presented for our review is whether R.C. 3955.08(A)(1) prohibits OIGA from honoring a claim that has been filed after the final date set for filing claims in a liquidation proceeding. For the reasons which follow, we find that OIGA is not obligated to accept untimely claims. We, therefore, affirm the judgment of the court of appeals.

As this court recently stated in PIE Mut. Ins. Co. v. Ohio Ins. Guar. Assn. (1993), 66 Ohio St.3d 209, 611 N.E.2d 313, the General Assembly created the Ohio Insurance Guaranty Association Act ("the Act") in an effort to protect insureds and third-party claimants from potentially catastrophic losses due to the insolvency of member insurers. When an insurer is deemed insolvent, OIGA steps into the shoes of that insurer, assuming all of the carrier's obligations to insureds and third-party claimants. R.C. 3955.08(A)(2) and (4). The Act vests OIGA with responsibility for providing insurance coverage when no other insurance is available to compensate valid claims. R.C. 3955.13(A). Under the terms of the Act, however, not all claims covered by the insolvent carrier's policy are payable by OIGA.

In the case at bar, appellant challenges OIGA's decision to reject the claim Lake presented for payment in 1989. OIGA based its denial upon the filing restrictions imposed by R.C. 3955.08. In pertinent part, R.C. 3955.08(A) provides: "The Ohio insurance

guaranty association shall:

"(1) Be obligated to the extent of the covered claims existing prior to the determination that an insolvent insurer exists and arising within thirty days after such determination ***. Notwithstanding any other provision of the Revised Code, the association shall not be liable to pay any claim filed with the association after the final date set by a court for filing claims in the liquidation proceedings of the insolvent insurer." (Emphasis added.)

Appellant contends it complied with the filing deadline set forth in R.C. 3955.08 and, therefore, OIGA was obligated to honor Lake's claim. Appellant urges this court to find that the liquidating court's decision to accept Lake's claim as timely filed effectively bound OIGA to reach the same decision. In support, Lake points out that both Indiana law and R.C. 3955.08 vest the liquidating court with responsibility for establishing a filing deadline. Along with that responsibility comes the discretion to provide an exception to the bar date when circumstances warrant. Appellant maintains the deadline referred to in R.C. 3955.08 should be overlooked in favor of a later court decision to deem the claim timely filed. This argument contradicts the clear terms of the Ohio statute and fails to comprehend the difference between participating in a liquidation proceeding and filing a claim with OIGA.

As a starting point, R.C. 3955.08(A)(1) requires OIGA to honor "covered claims existing prior to the determination***and arising within thirty days after such determination" of insolvency. A "covered claim," as defined by R.C. 3955.01(B), includes a claim arising during a period for which the insolvent insurer provided coverage and which falls within the scope of claims covered by the policy. Allied provided Lake with malpractice insurance from August 1, 1984 to August 1, 1985. The malpractice action that added Lake as a new party defendant in 1988 concerned medical services provided on June 30, 1985 and July 2, 1985. Arguendo, we accept the position that Lake's claim qualifies as a covered claim in existence prior to the determination of insolvency.2

OIGA's review of a claim, however, does not end with the decision that it would have been covered by the insurance carrier's policy. OIGA must further consider whether the insured filed the claim within the prescribed period. R.C. 3955.08(A)(1) specifically absolves OIGA of liability for claims filed "after the final date set by a court for filing claims in the liquidation proceedings ***." While readily conceding its claim was filed after the December 1, 1987 bar date, Lake argues it complied with the statutory deadline once the liquidating court deemed the claim timely filed. This position fails to give effect to the plain meaning of R.C. 3955.08.

We have stated on numerous occasions that if the meaning of a statute is clear on its face, then it must be applied as it is written. Provident Bank v. Wood (1973), 36 Ohio St.2d 101, 65 O.O.2d 296, 304 N.E.2d 378. "To construe or interpret what is already plain is not interpretation but legislation, which is not the function of the courts." Thompson Elec., Inc. v. Bank One, Akron, N.A. (1988), 37 Ohio St.3d 259, 264, 525 N.E.2d 761, 767, quoting Iddings v. Bd. of Edn. of Jefferson Cty. School Dist. (1951), 155 Ohio St. 287, 290, 44 O.O. 294, 295, 98 N.E.2d 827,

829.  Appellant emphasizes that R.C. 3955.04 states the provisions of the Act are to be liberally construed in order to give effect to the purpose for which the Act was originally created.  The deadline imposed by R.C. 3955.08 for filing a claim is subject to only one possible interpretation.  There is no need to liberally construe a statute whose meaning is unequivocal and definite.  Kneisley v. Lattimer-Stevens Co. (1988), 40 Ohio St.3d 354, 357, 533 N.E.2d 743, 746.

Appellant urges this court to acknowledge a connection between the decision of the liquidating court to accept Lake's claim as timely filed and OIGA's application of R.C. 3955.08.  No such connection exists.  The Indiana order simply authorized the liquidator to treat Lake's claim as if it had been filed prior to the bar date for purposes of the Indiana liquidation proceedings.  Participating in the distribution of an insolvent insurer's assets and submitting a claim with OIGA are distinct activities governed by different requirements.  The mere fact that a statute in a foreign jurisdiction allows a domestic receiver to accept an untimely claim neither affects nor controls the liability of the Ohio guarantor.  Once the liquidating court establishes a definitive bar date, OIGA becomes statutorily obligated to observe the finality of that date.  Were we to hold otherwise, the specific filing deadline set forth in R.C. 3955.08 would be rendered meaningless.

Few Ohio courts have had an opportunity to discuss this issue.  One recent case, Lorain Cty. Commrs. v. United States Fire Ins. Co. (1992), 81 Ohio App.3d 263, 610 N.E.2d 1061, involved a fact pattern similar to the one now before us.  In Lorain, the plaintiff filed a complaint seeking a determination that OIGA was obligated to reimburse the plaintiff for a claim presented after
the bar date established by a New York liquidating court.  In upholding OIGA's denial of the claim, the court of appeals relied heavily upon the trend in other jurisdictions to preclude recovery for late-filed claims, even for equitable reasons.

"By limiting the period in which claims may be submitted to OIGA to the period during which the liquidation proceedings are still open, the General Assembly has evidently intended to exclude those insureds whose rights to participate in the liquidation have lapsed."  Id. at 268, 610 N.E.2d at 1064, citing favorably Satellite Bowl, Inc. v. Michigan Prop. & Cas. Guar. Assn. (1988), 165 Mich.App. 768, 771, 419 N.W.2d 460, 462.

The Satellite Bowl decision involved a Michigan statute that closely resembled R.C. 3955.08.3  In that case, an Ohio liquidating court granted a request by the plaintiff to accept two claims as timely filed even though they had not been presented until after the established bar date.  Thereafter, the plaintiff submitted both claims to the Michigan guaranty association, asking it to defend and indemnify the plaintiff. Because the claims were filed after the bar date, the association denied them.  The court of appeals upheld the trial court's determination, holding that:  "[T]he deadline requirement in [the Michigan statute] indicates that the Legislature did not intend to make this protection absolute, indemnifying any claim no matter when it arose.  The requirement in the statute that claims be presented before the filing deadline evidences an intent on the part of the Legislature to provide a cutoff date after which

the association is no longer obligated to accept claims.***The statute does not authorize extension of the filing deadline for equitable reasons." Id. at 772, 419 N.W.2d at 462.

Other jurisdictions with similar guaranty funds have also adopted the position that an insurance guaranty association need not honor a claim presented after the filing deadline set by a liquidating court. See Florida Ins. Guar. Assn., Inc. v. Garcia (Fla. App. 1993), 614 So.2d 684; Union Gesellschaft Fur Metal Industrie Co. v. Ill. Ins. Guar. Fund (1989), 190 Ill. App. 3d 696, 138 Ill. Dec. 21, 546 N.E.2d 1076; Kinder v. Pacific Pub. Carriers Co-Op, Inc. (1980), 105 Cal.App.3d 657, 164 Cal. Rptr. 567; Jason v. Superintendent of Ins. (1979), 67 App. Div. 2d 850, 413 N.Y.S.2d 17, affirmed (1980), 49 N.Y.2d 716, 425 N.Y.S.2d 804, 402 N.E.2d 143. Each of these decisions acknowledges the importance of placing reasonable limits on an association's liability. There must be some degree of finality to the liquidation proceedings. The allowance of delinquent claims would unnecessarily prolong distribution of the insolvent insurer's assets to the detriment of other claimants and the guaranty association. See Satellite Bowl, supra, at 772, 419 N.W.2d at 462.

This court realizes Lake could not have filed its claim before the December 1987 bar date since it was not named as a defendant in the malpractice action until 1988. Ignorance of a claim, however, is neither recognized nor forgiven by the terms of the statute. See Union Gesellschaft, supra, at 700, 546 N.E.2d at 1079; Jason, supra, at 851, 413 N.Y.S.2d at 18. The language of R.C. 3955.08(A) is mandatory and does not provide for any discretion on the part of the Ohio Insurance Guaranty Association to entertain claims that have been filed after the final date set for filing claims in a liquidation proceeding. The legislature could easily have included the phrase "unless otherwise waived" when imposing the filing deadline if it had intended to provide OIGA with discretion. OIGA, as a creature of statute, must comply with the clear provisions of the Act that define its powers and duties. This court cannot employ equitable principles to circumvent valid legislative enactments. Patterson v. Lamson (1887), 45 Ohio St. 77, 12 N.E. 531.

The judgment of the court of appeals is accordingly affirmed.

                                  Judgment affirmed.

Moyer, C.J., A.W. Sweeney, Douglas, Wright and F.E. Sweeney, JJ., concur.

Pfeifer, J., dissents.4

FOOTNOTES

1    Article 9, Title 27, of the Indiana Code regulates, in part, insurance liquidation proceedings. Under Ind. Code Section 27-9-3-33(b):

          "The liquidator may permit a claimant making a late
          filing to share in distributions, whether past or
          future, as if he were not late, to the extent that any
          late payment will not prejudice the orderly
          administration of the liquidation, when:
          "(1) the existence of the claim was not known to the
          claimant but that after learning of it he filed his
          claim as promptly as is reasonably possible[.]"

2    A cogent argument could be made that Lake's claim failed to

satisfy the requirement of "existing prior to *** insolven[cy.]" Neither of the parties raised this issue in their briefs to this court. Because we decide this case on other grounds, we decline to address the argument.

3     Under the Michigan statute, a claim filed with the insurance guaranty association must be presented "on or before
the last date fixed for the filing of claims" in the domiciliary delinquency proceedings. Mich. Comp. Laws Section 500.7925(1)(c).

4.    Reporter's Note: For text of Justice Pfeifer's opinion, see infra,    Ohio St.3d at    ,    N.E.2d at    .

Pfeifer, J., dissenting.5  R.C. 3955.04 requires that "[s]ections 3955.01 to 3955.19 of the Revised Code shall be liberally construed to effect the purpose stated under section 3955.03 of the Revised Code, which shall constitute an aid and guide to interpretation."

R.C. 3955.03 explains that "the purposes of sections 3955.01 to 3955.19 of the Revised Code are to provide a mechanism for the payment of covered claims under certain insurance policies, avoid excessive delay in payment and financial loss to claimants or policyholders because of the insolvency of an insurer, assist in the detection and prevention of insurer insolvencies, and provide an association to assess the cost of such protection among insurers."

Thus, the General Assembly mandates that we liberally construe R.C. 3955.01 through 3955.19 in favor of providing coverage to those victimized by insolvent insurance companies. The majority fails to liberally construe the phrase, "the final date set by a court for filing claims in the liquidation proceedings of the insolvent insurer," in favor of finding coverage for the appellant.

A liberal construction of this phrase reveals that the appellant's claim was filed on time with OIGA. Appellant's claim filed with the Indiana liquidating court on July 18, 1991, was held by that court to be timely filed. Thus, the Indiana court effectively set the "final date" as July 18, 1991.

Appellant filed its claim with OIGA prior to July 18, 1991 final date. The majority's conclusion that the claim was filed after the final date is, therefore, in error.

I respectfully dissent.

5     Reporter's Note: For text of the majority's opinion, see supra,    Ohio St.3d    ,    N.E.2d    .