JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Ohio Department of Commerce, Division of Real Estate and Professional Licensing ("Division"), appeals the decision of the trial court. Having reviewed the arguments of the parties and the pertinent law, we hereby reverse the lower court.
 {¶ 2} According to the case, the Division issued a notice of formal hearing. In its notice, the Division alleged that appellee Daniel L. Flowers ("appellee") violated R.C. 4735.18(A)(9) as it incorporates R.C. 4735.71(B). An administrative hearing was held on September 28, 2004. The hearing officer issued a report and recommendation, finding that appellee violated R.C. 4735.18(A)(9) as that section incorporates R.C. 4735.71(B). On December 9, 2004, the Division notified appellee that he would have to pay a $500 fine and complete three hours of community service. The order also informed appellee that he had a right to appeal pursuant to R.C. 119.12.
 {¶ 3} Appellee filed his original notice of appeal with the Cuyahoga County Court of Common Pleas on December 22, 2004. The Division received a copy of appellee's notice of appeal on December 27, 2004 and filed a motion to dismiss on January 13, 2005. The lower court denied the agency's motion to dismiss and issued its decision in favor of appellee on July 11, 2005.
 {¶ 4} According to the facts, appellee was contacted by Thomas and Debra Doubler in March 2003. The Doublers told appellee that they were selling their house at 4118 Stickney Avenue in Cleveland. The Doublers were previous clients of appellee and were selling their house on their own, known as "for sale by owner." In a for-sale-by-owner situation, the owners of the house sell the house themselves and, therefore, do not pay a commission to the selling agent. However, as sometimes occurs in this situation, the owners informed appellee that if he could find a buyer for the property, they would pay him a commission.
 {¶ 5} Appellee showed the house to two different buyers. Neither potential buyer pursued the property. During the course of business, appellee learned that the Doublers were behind on their payments and were in foreclosure. The Doublers asked appellee to list the property with the company appellee works for, Century 21 Beyond 2000 Realty, and negotiate a short sale with the lienholder. In other words, appellee needed to convince the mortgage holder to agree to accept less than what was owed. Mrs. Doubler had already initiated conversations with the bank dealing with this subject.
 {¶ 6} Appellee contacted a party he had previously shown the house to with the new short sale information. On June 11, 2003, appellee listed the property for sale and filled out the appropriate paperwork. Appellee anticipated that one of the parties he had shown the house to before would be interested in making an offer because of the new short sale information.
 {¶ 7} At this time, appellee had the Doublers sign a dual agency form. Appellee did this anticipating that one of the parties he had dealt with before would now have an interest in making an offer, thereby making him a dual agent. However, this did not occur. A verbal offer was made and relayed to the Doublers, but the lienholder rejected it as too low. During this time, another party named Ornsby also made an offer. This offer was again rejected by the lienholder as too low. The property was marketed through the multiple listing system; however, it never sold in a conventional manner. It was eventually sold at a sheriff's sale. Since the house was sold at a sheriff's sale, no commission was earned.
 {¶ 8} On March 22, 2004, appellee received notice that Ornsby filed a complaint with the Ohio Real Estate Commission. The complaint alleged that appellee did not relay a counteroffer by the seller to Ornsby's offer. The real estate commission did not find error with the Ornsby claims. However, the commission did find that appellee created a dual agency when one did not exist. The agency found that having the Doublers sign the dual agency form was a violation warranting a $500 fine and remedial real estate course work. Appellee appealed his case to the Cuyahoga County Court of Common Pleas. The court of common pleas reversed the commission and found in favor of appellee.
 {¶ 9} Appellant now appeals the trial court's ruling.
 I. {¶ 10} Appellant's first assignment of error states the following: "The lower court lacked subject matter jurisdiction under R.C. 119.12. (Record of Proceedings (Record) 5, decision on motion to dismiss)."
 {¶ 11} Appellant's second assignment of error states the following: "Assuming the lower court had subject matter jurisdiction, the lower court erred as a matter of law in applying the wrong standard of review and in modifying the Order of the Ohio Real Estate Commission. (Record 13, decision)."
 II. {¶ 12} Subject matter jurisdiction connotes the power to hear and decide a case upon its merits. State ex rel. Rothal v.Smith, 151 Ohio App.3d 289, 313, 2002-Ohio-7328, at p. 110. Subject matter jurisdiction focuses on the court as a forum and on the case as one of a class of cases, not on the particular facts of a case or the particular tribunal that hears the case. Id., citing State v. Swiger (1998), 125 Ohio App.3d 456, 462.
 {¶ 13} Appellate review of a trial court's dismissal of an action for lack of subject matter jurisdiction is a question of law that is reviewed independently of a trial court's analysis and decision. BP Exploration Oil, Inc. v. Ohio Dept. ofCommerce, Franklin App. Nos. 04AP-619, 04AP-620, 2005-Ohio-1533, at p. 7, citing Gary Phillips Assoc. v. Ameritech Corp.
(2001), 144 Ohio App.3d 149, 154.
 {¶ 14} Appeals from administrative agencies are exclusively governed by statute. R.C. 119.12 states in pertinent part:
{¶ 15} "Any party desiring to appeal shall file a notice ofappeal with the agency setting forth the order appealed from andthe grounds of the party's appeal. A copy of such notice ofappeal shall also be filed by the appellant with the court.Unless otherwise provided by law relating to a particular agency,such notices of appeal shall be filed within fifteen days afterthe mailing of the notice of the agency's order as provided inthis section. * * *." (Emphasis added.)
 {¶ 16} The Supreme Court of Ohio has long held that "an [administrative] appeal, the right to which is conferred by statute, can be perfected only in the mode prescribed by statute. The exercise of the right conferred is conditioned upon compliance with the accompanying mandatory requirements." Zierv. Bureau of Unemployment Comp. (1949), 151 Ohio St. 123,84 N.E.2d 746, 38 O.O. 573, paragraph one of the syllabus; see, also, Holmes v. Union Gospel Press (1980), 64 Ohio St.2d 187,188. In Nibert v. Ohio Dept. of Rehab. and Corr. (1998), 84 Ohio St.3d 100, 1998-Ohio-506, the court specifically rejected the assertion that the administrative appeal, pursuant to R.C.119.12, should be liberally construed and instead determined that the statute should be strictly applied, stating that "there is no need to liberally construe a statute whose meaning is unequivocal and definite." Id. at 102, quoting Lake Hosp. Sys. v. Ohio Ins.Guar. Assn., 69 Ohio St.3d 521, 525, 1994-Ohio-330. The court further reasoned that the plain language of the statute enabled both courts and administrative agencies to effectuate expeditious appeals, as well as promoting procedural efficiency and a simplified administrative appeals system. Id. at 102-103.
 {¶ 17} If a party fails to strictly comply with the requirements of R.C. 119.12, subject matter jurisdiction is forfeited and the administrative appeal must be dismissed.Harrison v. Registrar, BMV, Trumbull App. No. 2002-T-0095, 2003-Ohio-2546.
 {¶ 18} In Harrison, the appellate court ruled that if a party failed to strictly comply with the requirements of R.C.119.12, subject matter jurisdiction was forfeited and the administrative appeal was required to be dismissed. Pursuant to R.C. 119.12, a notice of appeal needs to be filed within 15 days after the mailing of the agency's notice of suspension. Because the second notice of appeal was beyond the 15-day time limit imposed by R.C. 119.12, the licensee was no longer in strict compliance with R.C. 119.12. Because of this lack of compliance, the trial court in Harrison was without subject matter jurisdiction of the administrative appeal. The question of whether the motion for relief from judgment was the proper vehicle to dismiss the appeal was irrelevant, since an objection to a court's subject matter jurisdiction was never waived and may have been made at any time.
 {¶ 19} Moreover, in Hanson v. City of Shaker Heights,152 Ohio App.3d 1, 2003-Ohio-749, this court of appeals found the following:
 {¶ 20} "Because Ohio Rev. Code Ann. § 119.12 states that anappellant must file a notice of appeal with the appropriateagency, and a copy of such notice with the common pleas court,the statute necessarily prohibits the filing of a `copy' withthe agency. A facsimile filing, though timely, is insufficientbecause a facsimile is a copy." (Emphasis added.)
 {¶ 21} The requirement that the notice of appeal be filed with the agency and a copy with the court is mandatory and jurisdictional. Smith v. Ohio DOC (Aug. 21, 2001), Franklin App. No. 00AP-1342. See, also, Harrison v. State Med. Bd. ofOhio (June 15, 1995), Franklin App. No. 94APE10-1457; In reNamey (1995), 103 Ohio App.3d 322; Carnes vs. Department ofCommerce (Aug. 31, 2000), Franklin App. No. 99AP-1439.
 {¶ 22} In the case at bar, appellee filed his original notice of appeal with the Cuyahoga County Court of Common Pleas. Appellee does not dispute that he filed his original notice of appeal with the trial court. Appellee failed to file the original notice of appeal with the Division; therefore, the lower court did not obtain jurisdiction to hear appellee's appeal. Accordingly, appellee failed to invoke the jurisdiction of the court of common pleas to hear his appeal.
 {¶ 23} Moreover, the administrative order was mailed on December 9, 2004. However, appellee's notice of appeal was not received by the Division until December 27, 2004. Record 7, order. In order to comply with the requirements of R.C. 119.12, appellee's notice of appeal had to be filed with the Division on or before December 24, 2004. As the notice of appeal was not received until December 27, 2004, it was three days late, and the lower court did not have jurisdiction to hear the appeal.
 {¶ 24} This court finds merit in appellant's first assignment of error. The lower court did not have jurisdiction to hear this appeal. Appellant failed to file his original notice of appeal with the Division and failed to file his notice of appeal with the Division within the required fifteen days from the date of the order.
 {¶ 25} Accordingly, we sustain appellant's first assignment of error. We decline to address appellant's second assignment of error as our disposition of the first assignment of error has rendered the second assignment of error moot.
 {¶ 26} Although this court finds for appellant, we find the spirit of the lower court's decision to be commendable. We are perplexed by the decision of the Division. Penalizing appellee for acting in a cautious and prudent manner, especially in a situation that did not result in harm to any of the parties involved, appears capricious. It is unfortunate that appellee's procedural errors in this case prevent him from preserving the lower court's pragmatic decision.
 {¶ 27} This cause is reversed.
It is, therefore, considered that said appellant recover of said appellee costs herein.
It is ordered that a special mandate be sent to the Cuyahoga County Court of Common Pleas to carry this judgment into execution. A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Rocco, J., and Corrigan, J., concur.