WILLIAM KEEFE *v.* SALVADORE NUNES *d.b.a.*
NUNES CONSTRUCTION CO.

JUNE 30, 1955.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

BAKER, J. This petition is brought under the workmen's compensation act, general laws 1938, chapter 300, to obtain compensation for a specific injury to the petitioner's left eye suffered while he was employed by the respondent. From the entry of a decree in the superior court denying and dismissing the petition an appeal to this court was duly prosecuted by the petitioner.

The facts in the case are not in dispute. The following findings contained in the decree appealed from are not questioned: "1. The employee suffered an injury described as aphakia to his left eye on December 5, 1951 which arose out of and was referable to his employment. 2. That without glasses the vision in the left eye is 5/200, less than 5% normal, but with glasses the vision is corrected to 20/20. 3. That binocular single vision is lost in that the left eye will not focus with normal right eye. 4. That there is not a reduction in the sight of the left eye to 1/10th or less of normal vision with glasses." The issue raised is one of law involving the proper construction to be placed upon the pertinent statute regulating the granting of compensation for such a specific injury to an eye as is shown by the evidence here. In the circumstances therefore it is not necessary to describe with particularity how petitioner's eye was injured and the nature of such injury. It is sufficient to note that the injury in this case is similar to the one in the case of *Martinuzzi* v. *Capitol Marble & Tile Co.*, 79 R. I. 115.

The respondent contends that such case is directly in point and determines in its favor the issue raised here. On the other hand petitioner, although in effect admitting that

the injuries in the two cases are similar, asks us to review and reverse the holding which we made in the *Martinuzzi* case in construing the applicable statute regulating the granting of compensation in the circumstances. It appears that in such cases similar statutes are applicable and controlling. However, at the present time the eye injury in question by specific legislation has been made compensable by the addition to the statute of the following words: "* * * for loss of binocular vision for a period of 120 weeks." See public laws 1954, chap. 3297, art. II, sec. 12 (d), effective November 1, 1954.

In support of his contention that our holding in the *Martinuzzi* case was erroneous, petitioner apparently relies on his claim that we did not give the act a liberal construction, as we should have done, and that our opinion did not follow certain language in sec. 12 (a) of the act, particularly with reference to the fact that any loss of *visual* performance by the injured eye, other than direct visual acuity, may be considered in evaluating eye loss.

Accordingly we have reviewed our opinion in the *Martinuzzi* case. It is clear that we recognized therein the principle of law relied on by petitioner and that we construed the act liberally as far as it was proper for us to do so. In that opinion the following language appears at pages 118 to 120: "The petitioner urges us to construe that section broadly so as to include a loss of binocular vision, notwithstanding the fact that when used alone his injured eye with glasses has a potential of much more than one tenth of normal vision in reserve. Such a construction he contends would be consonant with the liberal rule which this court long ago held should be applied in construing provisions of our workmen's compensation act. * * * Our liberal rule of construction of the workmen's compensation act may not be pressed so far as actually to result in a distortion of the explicit language of the act. * * * Unless this rule is kept within reasonable bounds, the inevitable result in circum-

stances like those in the case at bar could very well be unwarranted legislation by this court under the guise of adjudication. * * * It is highly appropriate therefore that this court should refrain from broadening by judicial interpretation the legislatively prescribed remedies in such a case unless, within the statute itself, we can find reasonable warrant for such action."

As to petitioner's other point, it is clear that in the *Martinuzzi* case we did not overlook or misconceive the pertinent parts of the act upon which petitioner here relies. Also in that opinion we referred to certain cases which tended to support the view taken by the petitioner in the *Martinuzzi* case and also here, but we stated the reasons why we declined to follow them. A few additional cases now cited by petitioner are either distinguishable from the *Martinuzzi* case or they set out a view of the law which after due consideration we decline to adopt.

In our judgment the present case is in all respects substantially like the *Martinuzzi* case, and the law stated therein, unless now overruled, is controlling here. We appreciate the argument made on behalf of the petitioner from a humanitarian point of view, but we must deal with the issue raised as involving the construction of specific legislation. After due consideration we therefore reaffirm the decision and construction of the statute which was made in the *Martinuzzi* case.

The petitioner's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the workmen's compensation commission for further proceedings.

*Abraham Factor,* for petitioner.

*William A. Gunning, Raymond A. LaFazia,* for respondent.