■ In the Matter of the Liquidation of PROFESSIONAL INSURANCE COMPANY OF NEW YORK. N. MITCHEL JASON, Respondent; SUPERINTENDENT OF INSURANCE OF THE STATE OF NEW YORK, Appellant.—Judgment, Supreme Court, New York County, entered February 24, 1978, granting petitioner's motion for an order deeming the proof of claim filed July 28, 1975, with the Superintendent of Insurance as liquidator of the Professional Insurance Company of New York to be due and timely filed *nunc pro tunc* as of May 13, 1975, the last day for filing claims under a court order of liquidation pursuant to section 543 of the Insurance Law is unanimously reversed, on the law, without costs and without disbursements, and the petition dismissed. Petitioner is a physician who was insured for medical malpractice by Professional Insurance Company (hereinafter Professional). In April, 1974 Professional was adjudged insolvent, and the Superintendent of Insurance was appointed its liquidator. All insurance obligations were terminated on July 12, 1974. Notice was required to be given to the policyholders to present proofs of any claims on or before May 13, 1975. The Superintendent gave petitioner that notice on May 6, 1974, but petitioner denies its receipt. In May, 1975 petitioner learned of a potential malpractice claim against him with reference to a patient named Koellner. Through his insurance agent, he notified Professional of a possible lawsuit and filed a proof of claim which was received on July 30, 1975, and marked deferred. Otherwise, the Superintendent rejected the proof as an untimely request for policy protection, having been filed after the May 13, 1975, cut off date. Subsequently, the administratrix of Koellner's estate sued petitioner for medical malpractice. Petitioner then commenced this special proceeding to have his July, 1975 proof of claim deemed timely *nunc pro tunc* as of May 13, 1975, and to require the Superintendent to undertake the policy obligations of defense and indemnification. Special Term granted the application in the interests of justice and elevated petitioner's claim to the same status as all timely claims. Special Term thereby nullified the provisions in section 543 of the Insurance Law respecting the deadline for filing claims and its extension by court order only upon certification of necessity by the Superintendent. Supposedly because of the lack of prejudice in granting petitioner relief, the court admitted his claim to participation in the security fund established pursuant to section 334 of the Insurance Law. But that fund is available only for "allowed claims" (see Insurance Law, §§ 333, 334, subd 2); others,

such as petitioner's "deferred" claim, must look only to the surplus, if any, of the insurer's assets remaining after payment in full of all "allowed claims" (Insurance Law, § 543, subd 3). Moreover, prejudice indeed arises, if petitioner's deferred claim is admitted to participation in the security fund. There exists a potential for dilution of the timely filed claims, and because the security fund is built up with premiums from policyholders of all carriers writing the types of coverage specified (Insurance Law, § 334, subd 3), they will be burdened with additional premiums to replenish the fund earlier than contemplated by the statutory scheme, if deferred claims are allowed to participate. While petitioner could not have filed any information respecting the Koellner claim by the deadline of May 13, 1975, his ignorance of the claim is not recognized by statute to forgive a late filing. (Cf. *Zuroff v Westchester Trust Co.,* 273 NY 200, 204 citing *Matter of Bank of the United States,* 269 NY 578, cert den *sub nom. Quintal v Broderick,* 299 US 614.) Late claimants such as petitioner are not ignored by the statute. (Insurance Law, § 543, subd 3.) If the plight of others in petitioner's situation merits amelioration, it is for the Legislature and not the courts to fashion the remedy. Concur—Birns, J. P., Evans, Fein, Sullivan and Lupiano, JJ.