SATELLITE BOWL, INC v MICHIGAN PROPERTY & CASUALTY
GUARANTY ASSOCIATION

Docket No. 96214. Submitted November 17, 1987, at Detroit. Decided
January 20, 1988. Leave to appeal applied for.

Plaintiff, Satellite Bowl, Inc., located in Dearborn Heights, Michigan, was insured by Proprietor's Insurance Company, an Ohio corporation. The insurer was declared insolvent under Ohio law by an Ohio court. The Ohio court ordered the insurer's receiver to notify policyholders of an August 5, 1982, deadline for filing claims against the insurer's estate. Plaintiff received such notice. Plaintiff was not notified until after August 5, 1982, of two actions which accrued against plaintiff prior to the insurer's insolvency. Plaintiff promptly notified defendant, Michigan Property & Casualty Guaranty Association, of the claims but the association refused to defend plaintiff because the claims were not filed with the receiver until after August 5, 1982. Plaintiff petitioned the Ohio court to allow the claims to be filed for good cause. The claims were allowed, but considered untimely. Thus, plaintiff's claims were entitled to participate in the proceeds of the liquidation only after the timely claims were satisfied. The Ohio Court of Appeals thereafter held that a statutory amendment which gave late claims allowed for good cause the same status as claims filed by the filing deadline could not be given retroactive effect. Plaintiff then brought the present action in the Oakland Circuit Court to require the defendant to defend and indemnify it pursuant to the Property and Casualty Guaranty Association Act. Both parties filed motions for summary disposition. The trial court, Francis X. O'Brien, J., granted summary disposition in favor of defendant and denied plaintiff's motion. Plaintiff appealed.

The Court of Appeals *held:*

The Property and Casualty Guaranty Association Act pro-

REFERENCES

Am Jur 2d, Insurance §§ 88 *et seq.*; 94 *et seq.*; 98 *et seq.*

What constitutes insolvency of insurance company justifying state dissolution proceedings and the like. 17 ALR4th 16.

Validity, construction, and effect of Uniform Insurers Liquidation Act. 46 ALR2d 1185.

vides that to constitute a "covered claim" a claim must be presented to the defendant "on or before the last date fixed for the filing of claims" at the insurer's insolvency proceedings in its domiciliary state. Therefore, covered claims include only timely claims with priority among creditors, and not any claim, timely or not, accepted by the domiciliary state. The statute does not authorize extension of the filing deadline for equitable reasons. A claim must be timely, and not merely accepted by the domiciliary state, in order to be considered a "covered claim" under the act.

Affirmed.

1. INSURANCE — PROPERTY AND CASUALTY GUARANTY ASSOCIATION ACT.

The Property and Casualty Guaranty Association Act is designed to protect the public against financial losses to policyholders or claimants because of the insolvency of insurers (MCL 500.7901 et seq.; MSA 24.17901 et seq.).

2. INSURANCE — PROPERTY AND CASUALTY GUARANTY ASSOCIATION ACT — COVERED CLAIMS.

The benefits of the Property and Casualty Guaranty Association Act are triggered when a claimant presents a covered claim to the Michigan Property & Casualty Guaranty Association; the association is obligated to accept only claims timely filed which entitle it to participate in the insurer's liquidation proceedings (MCL 500.7925[1][c], 500.7931; MSA 24.17925[1][c], 24.17931).

3. INSURANCE — PROPERTY AND CASUALTY GUARANTY ASSOCIATION ACT — COVERED CLAIMS.

An insured must present its claim to the Michigan Property & Casualty Guaranty Association on or before the last day fixed for the filing of claims at its insurer's insolvency proceedings in its domiciliary state for the insured's claim to constitute a covered claim under the Property and Casualty Guaranty Association Act; covered claims include only timely claims with priority among creditors, and not any claim, timely or not, accepted by the domiciliary state (MCL 500.7925[1][c]; MSA 24.17925[1][c]).

*Damm & Smith, P.C.* (by *Geoffrey L. Smith*), for plaintiff.

*Dykema, Gossett, Spencer, Goodnow & Trigg* (by *Donald S. Young, Katherine McCree Lewis* and *Nancy S. Martin*), for defendant.

Before: MacKenzie, P.J., and Doctoroff and P. J. Clulo,* JJ.

Per Curiam. Plaintiff filed suit against defendant, Michigan Property & Casualty Guaranty Association (association), seeking a determination that the association was obligated to defend and indemnify plaintiff pursuant to the Property and Casualty Guaranty Association Act (the act), MCL 500.7901 *et seq.*; MSA 24.17901 *et seq.* Following cross-motions for summary disposition submitted on stipulated facts, the trial court granted summary disposition in favor of defendant. Plaintiff appeals as of right. We affirm.

Plaintiff is a bowling alley, bar and restaurant located in Dearborn Heights, Michigan, which was insured by Proprietor's Insurance Company, an Ohio corporation authorized to do business in Michigan. On August 5, 1981, Proprietor's Insurance was declared insolvent under Ohio law by an Ohio Court of Common Pleas. The Ohio court ordered the insurance company's receiver to notify policyholders of an August 5, 1982, deadline for filing claims against the insurer's estate. Plaintiff received notice of the filing deadline.

Two actions accrued against plaintiff prior to the insolvency of Proprietor's Insurance, but plaintiff was not notified of these actions until after the August 5, 1982, filing deadline in the Ohio insolvency proceedings had passed. Plaintiff promptly notified the association of the claims, but the association refused to defend because they were not filed with the receiver until after August 5, 1982.

Plaintiff petitioned the Ohio court to allow the claims to be filed for good cause, since plaintiff was not notified of the claims until after the August 5,

---

* Circuit judge, sitting on the Court of Appeals by assignment.

1982, filing deadline. The claims were allowed, but considered untimely. Plaintiff also petitioned the Ohio court to retroactively apply a change in Ohio law which gave late claims allowed for good cause the same status as claims filed by the filing deadline. The Ohio Court of Appeals held that the amendment could not be given retroactive effect. Thus, plaintiff's claims were entitled to participate in the proceeds of the liquidation only after the timely claims were satisfied. Plaintiff then brought this action to require the association to defend and indemnify it pursuant to the act.

As a condition of doing business in Michigan, specified insurers are required under the act to be members of the association. MCL 500.7911; MSA 24.17911. The act is designed to protect the public against financial losses to policyholders or claimants because of the insolvency of insurers. The benefits of the act are triggered if the claimant presents a "covered claim." MCL 500.7931; MSA 24.17931. MCL 500.7925(1)(c); MSA 24.17925(1)(c) provides that, to constitute a covered claim, a claim must be presented by an insured to the association "on or before the last date fixed for the filing of claims" at the insurer's insolvency proceedings in its domiciliary state.

The issue in this case is whether a covered claim under the act includes any claim, timely or not, which is accepted by the domiciliary state, or whether covered claim is limited to those claims timely filed in the domiciliary jurisdiction. The trial court concluded that the Ohio statute which allowed the receiver to accept untimely claims for good cause did not change the August 5, 1982, deadline for purposes of Michigan's covered claims statute. We agree. We hold that the requirement in MCL 500.7925(1)(c); MSA 24.17925(1)(c) that claims be presented "on or before the last date

fixed for the filing of claims" in the domiciliary insolvency proceedings means that covered claims include only timely claims with priority among creditors, and not any claim accepted by the domiciliary state.

Plaintiff argues that the purpose of the act was to eliminate the risk for policyholders of doing business with an insolvent insurer. While that is indeed the purpose of the act, the deadline requirement in § 7925(1)(c) indicates that the Legislature did not intend to make this protection absolute, indemnifying any claim no matter when it arose. The requirement in the statute that claims be presented before the filing deadline evidences an intent on the part of the Legislature to provide a cutoff date after which the association is no longer obligated to accept claims. The language implies that some claims, those filed after the filing deadline, would not be indemnified. The statute does not authorize extension of the filing deadline for equitable reasons.

There must be reasonable limits to the association's liability and finality to the liquidation proceedings. Under the act, a claimant assigns its rights against the insolvent insurer to the association. MCL 500.7935; MSA 24.17935. The association is authorized to seek reimbursement from the insolvent insurer's estate. It is important, therefore, to the statutory scheme that the association be able to recover as much of the claim as possible from the insolvent insurer's estate. Thus, the association is obligated under the act to accept only claims timely filed which entitle it to participate in the liquidation proceedings.

The trend of decisions in other jurisdictions with similar insurance guaranty funds is to preclude recovery for late claims, even for equitable rea-

sons. See *Jason v Superintendent of Ins,* 67 AD2d 850; 413 NYS2d 17 (1979), aff'd 49 NY2d 716; 425 NYS2d 804; 402 NE2d 143 (1980); *Ohio Ins Guaranty Ass'n v Berea Roll & Bowl, Inc,* 19 Ohio Misc 2d 3; 482 NE2d 995 (1984); *Kinder v Pacific Public Carriers Co-Op, Inc,* 105 Cal App 3d 657; 164 Cal Rptr 567 (1980). As these decisions note, the courts do not have the power to create an exception to an express statutory scheme providing for claims against an insolvent insurer. We agree with these decisions that allowance of delinquent claims would prolong distribution of the insolvent company's assets to the detriment of other claimants and would adversely affect the guaranty associations. We therefore conclude that a claim must be timely, and not merely accepted by the domiciliary state, in order to be considered a covered claim under MCL 500.7925(1)(c); MSA 24.17925(1)(c).

Affirmed.