614 So.2d 684 (1993)
FLORIDA INSURANCE GUARANTY ASSOCIATION, INC., Appellant,
v.
Stephen J. GARCIA, appellee.
No. 92-00349.
District Court of Appeal of Florida, Second District.
March 5, 1993.
*685 G. Bart Billbrough and Geoffrey B. Marks of Walton Lantaff Schroeder & Carson, Miami, for appellant.
William J. Terry of Terry & Dittmar, Tampa, for appellee.
FRANK, Judge.
Stephen Garcia sought declaratory relief to determine whether the filing of his personal injury claim with the Florida Insurance Guaranty Association (FIGA) was timely within the prescription set forth in the Florida Insurance Guaranty Association Act. §§ 631.50-.70, Fla. Stat. (1985). Following cross motions for summary judgment, the trial court entered judgment in favor of Garcia, finding as a matter of law that the claim was timely filed. We reverse.
Garcia was injured in an automobile accident on May 6, 1985, when his car was struck by a truck operated by Kenneth Alger but owned by Honey Transport, Incorporated. At the time of the accident, Honey Transport was insured by Allied Fidelity Insurance Company, a liability carrier incorporated in the State of Indiana. Allied was declared insolvent on July 15, 1986, and a receiver was appointed in Indiana. To liquidate Allied's assets in Florida, the Department of Insurance was appointed ancillary receiver and FIGA became the statutory successor to Allied. Commencing on July 25, 1986, and in accordance with the order of liquidation, the Department served notice of the deadline for filing claims against Allied's assets by publication in the The Florida Administrative Weekly. The deadline established for filing claims was ultimately fixed at December 1, 1987. On March 17, 1989, Garcia filed a personal injury suit against Alger and Honey Transport which was subsequently amended to add FIGA and to include a claim for declaratory relief. The answer filed on behalf of FIGA raised the one year statute of limitations provided in sections 95.11(5)(d) and 631.68, Florida Statutes (1985).
The statutory period for filing claims against FIGA expired on December 1, 1988, one year following the published deadline. FIGA conceded at the summary judgment hearing that the Indiana receiver, having failed to provide Garcia with statutory notice of Allied's insolvency,[1] had agreed to allow the late filing of the claim and Garcia admitted filing the Florida tort action beyond the limitation period. He persuaded *686 the trial court, however, that because the liquidator in Indiana had excused the late filing, the deadline for filing his action in Florida should also be extended. We find no basis for the trial court's action.
The core issue arising from this dispute is whether a "covered claim" as defined in Chapter 631 includes a claim which has been accepted out of time by the foreign jurisdiction. The trial court concluded that the Indiana receiver, by accepting the untimely claim, effectively extended the deadline for filing a claim against FIGA in Florida. Chapter 631 was enacted to protect against financial losses incurred by Florida's policyholders and claimants upon the insolvency of insurers. The statutory benefits are available if a claimant presents a "covered claim" to the guaranty association. § 631.57, Fla. Stat. (1985). The legislature expressly limited the time within which a claim for benefits can be filed:
A covered claim as defined herein with respect to which settlement is not effected and suit is not instituted against the insured of an insolvent insurer or the association within 1 year after the deadline for filing claims, or any extension thereof, with the receiver of the insolvent insurer shall thenceforth be barred as a claim against the association and the insured.
§ 631.68, Fla. Stat. (1985). The requirement in the statute that a claim such as Garcia's be presented to the receiver, FIGA, before the filing deadline evinces the legislature's intent to provide a cutoff date subsequent to which FIGA is no longer obligated to accept claims. Within the statutory framework and scheme, we confine the words "or any extension thereof" to FIGA's prerogative for granting or denying a requested enlargement of the filing time. The mere fact that a statute in a foreign jurisdiction allows the domestic receiver to accept an untimely claim neither affects nor controls the liability of the Florida guarantor for that claim. Only if the claimant chooses to file in the domiciliary state will the law of that state govern. Garcia elected to file his claim with the ancillary receiver in Florida. Thus, we apply the Florida statute of limitations. See § 631.171, Fla. Stat. (1985).
In sum, we embrace the view expressed in other jurisdictions that the allowance of delinquent claims unduly prolongs the distribution of an insolvent insurer's assets to the detriment of other claimants and prejudices the right of the guaranty association to seek recovery in any subsequent liquidation. See Satellite Bowl, Inc. v. Michigan Property & Casualty Guaranty Association, 165 Mich. App. 768, 419 N.W.2d 460 (Mich. Ct. App. 1988); Kinder v. Pacific Public Carriers Co-Op, Inc., 105 Cal. App.3d 657, 164 Cal. Rptr. 567 (Cal. 1st DCA 1980).
Reversed.
SCHOONOVER, A.C.J., and PARKER, J., concur.
NOTES
[1] Indiana law requires the receiver to give notice of liquidation proceedings against an insolvent insurer in the following manner: "[by] first-class mail to all persons known or reasonably expected to have claims against the insurer, including all policyholders, at their last known address as indicated by the records of the insurer." § 27-9-3-10(a)(4), Ind. Code (1979).