LAKE HOSPITAL SYSTEM, INC., APPELLANT, *v.* OHIO INSURANCE GUARANTY ASSOCIATION, APPELLEE.

[Cite as *Lake Hosp. Sys., Inc. v. Ohio Ins. Guar. Assn.* (1994), 69 Ohio St.3d 521.]

(No. 93–310—Submitted April 19, 1994—Decided June 29, 1994.)

*Reminger & Reminger Co., L.P.A.,* and *Nicholas D. Satullo,* for appellant.

*Vorys, Sater, Seymour & Pease* and *F. James Foley,* for appellee.

ALICE ROBIE RESNICK, J.  In deciding this case, we must once again consider the extent of OIGA's liability as defined by R.C. Chapter 3955.  The sole issue presented for our review is whether R.C. 3955.08(A)(1) prohibits OIGA from honoring a claim that has been filed after the final date set for filing claims in a liquidation proceeding.  For the reasons which follow, we find that OIGA is not obligated to accept untimely claims.  We, therefore, affirm the judgment of the court of appeals.

As this court recently stated in *PIE Mut. Ins. Co. v. Ohio Ins. Guar. Assn.* (1993), 66 Ohio St.3d 209, 611 N.E.2d 313, the General Assembly created the Ohio Insurance Guaranty Association Act ("the Act") in an effort to protect insureds and third-party claimants from potentially catastrophic losses due to the insolvency of member insurers.  When an insurer is deemed insolvent, OIGA steps into the shoes of that insurer, assuming all of the carrier's obligations to insureds and third-party claimants.  R.C. 3955.08(A)(2) and (4).  The Act vests OIGA with responsibility for providing insurance coverage when no other insurance is available to compensate valid claims.  R.C. 3955.13(A).  Under the terms of the Act, however, not all claims covered by the insolvent carrier's policy are payable by OIGA.

In the case at bar, appellant challenges OIGA's decision to reject the claim Lake presented for payment in 1989.  OIGA based its denial upon the filing restrictions imposed by R.C. 3955.08.  In pertinent part, R.C. 3955.08(A) provides: "The Ohio insurance guaranty association shall:

"(1) Be obligated to the extent of the covered claims existing prior to the determination that an insolvent insurer exists and arising within thirty days after such determination * * *.  *Notwithstanding any other provision of the Revised Code, the association shall not be liable to pay any claim filed with the association after the final date set by a court for filing claims in the liquidation proceedings of the insolvent insurer.*"  (Emphasis added.)

Appellant contends it complied with the filing deadline set forth in R.C. 3955.08 and, therefore, OIGA was obligated to honor Lake's claim.  Appellant urges this

court to find that the liquidating court's decision to accept Lake's claim as timely filed effectively bound OIGA to reach the same decision. In support, Lake points out that both Indiana law and R.C. 3955.08 vest the liquidating court with responsibility for establishing a filing deadline. Along with that responsibility comes the discretion to provide an exception to the bar date when circumstances warrant. Appellant maintains the deadline referred to in R.C. 3955.08 should be overlooked in favor of a later court decision to deem the claim timely filed. This argument contradicts the clear terms of the Ohio statute and fails to comprehend the difference between participating in a liquidation proceeding and filing a claim with OIGA.

As a starting point, R.C. 3955.08(A)(1) requires OIGA to honor "covered claims existing prior to the determination * * * and arising within thirty days after such determination" of insolvency. A "covered claim," as defined by R.C. 3955.01(B), includes a claim arising during a period for which the insolvent insurer provided coverage and which falls within the scope of claims covered by the policy. Allied provided Lake with malpractice insurance from August 1, 1984 to August 1, 1985. The malpractice action that added Lake as a new party defendant in 1988 concerned medical services provided on June 30, 1985 and July 2, 1985. Arguendo, we accept the position that Lake's claim qualifies as a covered claim in existence prior to the determination of insolvency.[2]

OIGA's review of a claim, however, does not end with the decision that it would have been covered by the insurance carrier's policy. OIGA must further consider whether the insured filed the claim within the prescribed period. R.C. 3955.-08(A)(1) specifically absolves OIGA of liability for claims filed "after the final date set by a court for filing claims in the liquidation proceedings * * *." While readily conceding its claim was filed after the December 1, 1987 bar date, Lake argues it complied with the statutory deadline once the liquidating court deemed the claim timely filed. This position fails to give effect to the plain meaning of R.C. 3955.08.

We have stated on numerous occasions that if the meaning of a statute is clear on its face, then it must be applied as it is written. *Provident Bank v. Wood* (1973), 36 Ohio St.2d 101, 65 O.O.2d 296, 304 N.E.2d 378. "To construe or interpret what is already plain is not interpretation but legislation, which is not the function of the courts." *Thompson Elec., Inc. v. Bank One, Akron, N.A.* (1988), 37 Ohio St.3d 259, 264, 525 N.E.2d 761, 767, quoting *Iddings v. Bd. of Edn. of Jefferson Cty. School Dist.* (1951), 155 Ohio St. 287, 290, 44 O.O. 294, 295, 98 N.E.2d 827, 829. Appellant emphasizes that R.C. 3955.04 states the provisions

---

2. A cogent argument could be made that Lake's claim failed to satisfy the requirement of "existing prior to * * * insolven[cy.]" Neither of the parties raised this issue in their briefs to this court. Because we decide this case on other grounds, we decline to address the argument.

of the Act are to be liberally construed in order to give effect to the purpose for which the Act was originally created. The deadline imposed by R.C. 3955.08 for filing a claim is subject to only one possible interpretation. There is no need to liberally construe a statute whose meaning is unequivocal and definite. *Kneisley v. Lattimer–Stevens Co.* (1988), 40 Ohio St.3d 354, 357, 533 N.E.2d 743, 746.

Appellant urges this court to acknowledge a connection between the decision of the liquidating court to accept Lake's claim as timely filed and OIGA's application of R.C. 3955.08. No such connection exists. The Indiana order simply authorized the liquidator to treat Lake's claim as if it had been filed prior to the bar date for purposes of the Indiana liquidation proceedings. Participating in the distribution of an insolvent insurer's assets and submitting a claim with OIGA are distinct activities governed by different requirements. The mere fact that a statute in a foreign jurisdiction allows a domestic receiver to accept an untimely claim neither affects nor controls the liability of the Ohio guarantor. Once the liquidating court establishes a definitive bar date, OIGA becomes statutorily obligated to observe the finality of that date. Were we to hold otherwise, the specific filing deadline set forth in R.C. 3955.08 would be rendered meaningless.

Few Ohio courts have had an opportunity to discuss this issue. One recent case, *Lorain Cty. Commrs. v. United States Fire Ins. Co.* (1992), 81 Ohio App.3d 263, 610 N.E.2d 1061, involved a fact pattern similar to the one now before us. In *Lorain*, the plaintiff filed a complaint seeking a determination that OIGA was obligated to reimburse the plaintiff for a claim presented after the bar date established by a New York liquidating court. In upholding OIGA's denial of the claim, the court of appeals relied heavily upon the trend in other jurisdictions to preclude recovery for late-filed claims, even for equitable reasons.

"By limiting the period in which claims may be submitted to OIGA to the period during which the liquidation proceedings are still open, the General Assembly has evidently intended to exclude those insureds whose rights to participate in the liquidation have lapsed." *Id.* at 268, 610 N.E.2d at 1064, citing favorably *Satellite Bowl, Inc. v. Michigan Prop. & Cas. Guar. Assn.* (1988), 165 Mich.App. 768, 771, 419 N.W.2d 460, 462.

The *Satellite Bowl* decision involved a Michigan statute that closely resembled R.C. 3955.08.[3] In that case, an Ohio liquidating court granted a request by the plaintiff to accept two claims as timely filed even though they had not been presented until after the established bar date. Thereafter, the plaintiff submitted both claims to the Michigan guaranty association, asking it to defend and

---

3. Under the Michigan statute, a claim filed with the insurance guaranty association must be presented "on or before the last date fixed for the filing of claims" in the domiciliary delinquency proceedings. Mich.Comp.Laws Section 500.7925(1)(c).

indemnify the plaintiff. Because the claims were filed after the bar date, the association denied them. The court of appeals upheld the trial court's determination, holding that: "[T]he deadline requirement in [the Michigan statute] indicates that the Legislature did not intend to make this protection absolute, indemnifying any claim no matter when it arose. The requirement in the statute that claims be presented before the filing deadline evidences an intent on the part of the Legislature to provide a cutoff date after which the association is no longer obligated to accept claims. * * * The statute does not authorize extension of the filing deadline for equitable reasons." *Id.* at 772, 419 N.W.2d at 462.

Other jurisdictions with similar guaranty funds have also adopted the position that an insurance guaranty association need not honor a claim presented after the filing deadline set by a liquidating court. See *Florida Ins. Guar. Assn., Inc. v. Garcia* (Fla.App.1993), 614 So.2d 684; *Union Gesellschaft Fur Metal Industrie Co. v. Illinois Ins. Guar. Fund* (1989), 190 Ill.App.3d 696, 138 Ill.Dec. 21, 546 N.E.2d 1076; *Kinder v. Pacific Pub. Carriers Co–Op, Inc.* (1980), 105 Cal.App.3d 657, 164 Cal.Rptr. 567; *Jason v. Superintendent of Ins.* (1979), 67 A.D.2d 850, 413 N.Y.S.2d 17, affirmed (1980), 49 N.Y.2d 716, 425 N.Y.S.2d 804, 402 N.E.2d 143. Each of these decisions acknowledges the importance of placing reasonable limits on an association's liability. There must be some degree of finality to the liquidation proceedings. The allowance of delinquent claims would unnecessarily prolong distribution of the insolvent insurer's assets to the detriment of other claimants and the guaranty association. See *Satellite Bowl, supra,* 165 Mich.App. at 772, 419 N.W.2d at 462.

This court realizes Lake could not have filed its claim before the December 1987 bar date since it was not named as a defendant in the malpractice action until 1988. Ignorance of a claim, however, is neither recognized nor forgiven by the terms of the statute. See *Union Gesellschaft, supra,* 190 Ill.App.3d at 700, 138 Ill.Dec. at 24, 546 N.E.2d at 1079; *Jason, supra,* 67 A.D.2d at 851, 413 N.Y.S.2d at 18. The language of R.C. 3955.08(A) is mandatory and does not provide for any discretion on the part of the Ohio Insurance Guaranty Association to entertain claims that have been filed after the final date set for filing claims in a liquidation proceeding. The legislature could easily have included the phrase "unless otherwise waived" when imposing the filing deadline if it had intended to provide OIGA with discretion. OIGA, as a creature of statute, must comply with the clear provisions of the Act that define its powers and duties. This court cannot employ equitable principles to circumvent valid legislative enactments. *Patterson v. Lamson* (1887), 45 Ohio St. 77, 12 N.E. 531.

The judgment of the court of appeals is accordingly affirmed.

*Judgment affirmed.*

MOYER, C.J., A.W. SWEENEY, DOUGLAS, WRIGHT and F.E. SWEENEY, JJ., concur.

PFEIFER, J., dissents▮