Sheldon **WHITEHOUSE**, Director of Business Regulation for the State of Rhode Island, Receiver

v.

**RUMFORD PROPERTY AND LIABILITY INSURANCE COMPANY** and Rumford Life Insurance Company.

No. 93–700–Appeal.

Supreme Court of Rhode Island.

May 22, 1995.

Robert Fine, Licht & Semonoff, Providence, for plaintiff.

Justin T. Shay, Cameron & Mittleman, Providence, Manuel Andrews, Jr., Hodosh, Spinella & Angelone, Providence, Joseph C.

Tanski, Boston, MA, Thomas C. Angelone, Hodosh, Spinella & Angelone, Providence, for defendant.

## OPINION

LEDERBERG, Justice.

The Rhode Island Insurers' Insolvency Fund (insolvency fund) has appealed to the Supreme Court from an order entered in the Superior Court allowing Sprint Systems of Photography, Inc. (Sprint), to file an out-of-time claim with Sheldon Whitehouse,[1] Director of Business Regulation for the State of Rhode Island, Receiver of Rumford Property and Liability Insurance Company (Rumford). For the reasons stated below, we sustain the appeal and reverse the order. The facts insofar as pertinent to this appeal follow.

### Facts and Procedural History

Rumford provided multiperil insurance to Sprint on an occurrence basis from September 13, 1989, through September 13, 1990. On June 18, 1990, the Superior Court entered a decree declaring Rumford insolvent and canceling all service contracts executed by Rumford as of midnight July 18, 1990. This decree also ordered each creditor and claimant to file a written statement of any claim against Rumford with the Receiver by June 18, 1991.

In November 1992, Jill Englehardt (Englehardt) brought an action against Sprint, alleging that she sustained personal injury on November 7, 1989, during the period Sprint was covered by the occurrence policy. Sprint received indirect notice of Englehardt's suit for the first time in April 1993 and forwarded notice to its agent, who in turn forwarded notice to Rumford, in receivership, on May 5, 1993. After Rumford forwarded notice to the insolvency fund on May 13, 1993, the insolvency fund declined cover-

age on the basis that the time for filing claims had expired on June 18, 1991.

When the Receiver would not voluntarily agree to allow Sprint to file an out-of-time claim, Sprint petitioned the Superior Court. The insolvency fund intervened, and along with the Receiver, objected to the petition. Nevertheless, after a hearing, the Superior Court granted Sprint's petition in October of 1993,[2] more than two years after the bar date of June 18, 1991.

### The Issues on Appeal

■ Although the Receiver did not appeal the Superior Court order allowing Sprint's claim, the insolvency fund asserted on appeal that the Superior Court erred because G.L. 1956 (1989 Reenactment) § 27–34–8(a)(1)(iii) of the Rhode Island Insurers' Insolvency Fund Act (the act) statutorily prohibits the insolvency fund from treating out-of-time claims as covered claims and thus precludes a court from exercising discretion to deviate from the bar date for the filing of claims.

Sprint and the Receiver contended on appeal that the Superior Court decree did not set a "final date" because the court reserved the authority to allow claims after the June 18, 1991 date and to otherwise modify the decree. Specifically, the decree stated,

"That the right is reserved to the Receiver and to the parties hereto to apply to this Court for any other or further instructions to said Receiver, and that this Court reserves the right, upon such notice, if any, as it shall deem proper to make such further orders and decrees herein as may be proper and to modify this decree from time to time."

The decree also stated,

"That this Court shall retain jurisdiction in this cause for the purpose of granting such other and further relief as this cause in the interests of the policyholders, creditors, stockholders or the public may require."

---

1. Sheldon Whitehouse left the position of Director of Business Regulation on February 18, 1994. Michael A. Bucci was appointed Director on February 20, 1994, and was succeeded by Barry G. Hittner on January 3, 1995.

2. The original order granting Sprint's petition is not in the record before this court. The Superior

Court docket sheet lists the petition as being granted on October 21, 1993. A subsequent order by the trial justice states that the order was entered on October 19, 1993. This discrepancy does not affect the outcome of this case, however.

Sprint also argued that the Superior Court was authorized to grant the petition under its equity powers, and the Receiver maintained that the Superior Court exercised discretionary power under Rule 6(b) of the Superior Court Rules of Civil Procedure to enlarge time to permit Sprint's claim.

### Statutory Construction of the Act

This precise issue is one of first impression in this state. In order to determine whether the Superior Court properly exercised discretion to allow Sprint to file a claim beyond the bar date, we must examine the Insurers' Insolvency Fund Act. General Laws 1956 (1989 Reenactment) chapter 34 of title 27. Initially enacted in 1970, the act was repealed on July 1, 1988, by a subsequent act that contained provisions substantially similar to those currently in effect, P.L.1970, ch. 166, § 1; P.L.1988, ch. 407, § 1.

The stated purpose of the act, found in § 27–34–2, is

"to provide a mechanism for the payment of covered claims under certain insurance policies[,] to avoid excessive delay in payment and to avoid financial loss to claimants or policyholders because of the insolvency of an insurer, and to create an entity to assess the cost of such protection and distribute it equitably among member insurers."

The particular section of the act we must construe is § 27–34–8(a)(1)(iii), which provides,

"Notwithstanding any other provisions of this chapter, a covered claim shall not include any claim filed with the fund after the final date set by the court for the filing of claims against the liquidator or receiver of an insolvent insurer."

█ In construing a statute, this court has the responsibility of effectuating the intent of the Legislature by examining the statute in its entirety and giving words their plain and ordinary meaning. *In re Falstaff Brewing Corp.*, 637 A.2d 1047, 1049 (R.I.1994). It is well settled that when a statute has a plain, clear, and unambiguous meaning, no interpretation is required. *Krupa v. Murray*, 557 A.2d 868, 869 (R.I.1989).

It is the conclusion of this court that the language of § 27–34–8(a)(1)(iii) is plain and unambiguous. The subsection clearly states that "a covered claim shall not include any claim filed with the fund after the final date set by the court," language that evinces an unambiguous legislative intent to exclude any claim filed after the bar date. Accordingly, we must reject the arguments of Sprint and of the Receiver because their contentions contradict the clear terms of the statute. There exists no basis, therefore, on which the Superior Court could exercise discretion either under its equitable powers or under Rule 6 to permit Sprint to file a claim with the fund beyond the bar date of June 18, 1991.

Moreover, we note that other jurisdictions with similar statutes have held that their courts lack discretion to allow out-of-time claims. *See Kinder v. Pacific Public Carriers Co-op, Inc.*, 105 Cal.App.3d 657, 663–64, 164 Cal.Rptr. 567, 570 (1980); *Satellite Bowl, Inc. v. Michigan Property & Casualty Guaranty Association*, 165 Mich.App. 768, 771–72, 419 N.W.2d 460, 462 (1988) (per curiam); *Jason v. Superintendent of Insurance*, 67 A.D.2d 850, 850–51, 413 N.Y.S.2d 17, 18 (1979), *aff'd*, 49 N.Y.2d 716, 717, 425 N.Y.S.2d 804, 402 N.E.2d 143 (1980); *Lake Hospital System, Inc. v. Ohio Insurance Guaranty Association*, 69 Ohio St.3d 521, 524–26, 634 N.E.2d 611, 614–15 (1994). These decisions hold that although an insolvency fund serves "to eliminate the risk for policyholders of doing business with an insolvent insurer," there must be some degree of finality to liquidation proceedings. *Satellite Bowl*, 165 Mich.App. at 772, 419 N.W.2d at 462. Otherwise, the allowance of claims after the bar date would "unnecessarily prolong distribution of the insolvent insurer's assets to the detriment of other claimants and the guaranty association." *Lake Hospital System, Inc.*, 69 Ohio St.3d at 526, 634 N.E.2d at 615; *accord Florida Insurance Guaranty Association, Inc. v. Garcia*, 614 So.2d 684, 686 (Fla.Dist.Ct.App.1993).

Furthermore, although we can appreciate the appearance of inequity that results from not allowing an occurrence policyholder to file a claim even though the notice of the claim was not received before the bar date,

such a situation is distinguishable from a case in which the claimant failed to receive notice of the bar date or in which the fund induced the claimant to postpone a claim. *See Abraugh v. Gillespie,* 203 Cal.App.3d 462, 468, 250 Cal.Rptr. 21, 24 (1988). Thus, because "ignorance of the claim is not recognized by statute to forgive a late filing," *Jason,* 67 A.D.2d at 851, 413 N.Y.S.2d at 18, there is simply no basis on which this court can employ equitable principles to circumvent valid legislative enactments; rather, it is the domain of the Legislature to fashion an equitable remedy. *See, e.g., Keefe v. Nunes,* 83 R.I. 260, 263, 115 A.2d 355, 357 (1955) (holding that even utilizing a liberal construction of the Workers' Compensation Act, this court must refrain from engaging in "unwarranted legislation * * * under the guise of adjudication") (quoting *Martinuzzi v. Capitol Marble & Tile Co.,* 79 R.I. 115, 118, 84 A.2d 605, 607 (1951)).

Consequently, even though one purpose of the act is "to avoid financial loss to claimants or policyholders because of the insolvency of an insurer," § 27–34–2, we must give effect to the clear legislative intent of § 27–34–8(a)(1)(iii), which prohibits any claim from being filed after the bar date. Thus, the Superior Court lacked discretion to permit a claim against the insolvency fund when that claim was filed out of time.

Accordingly, we sustain the appeal and reverse the order of the Superior Court, to which we return the papers in this case.