Fred BASSI, d.b.a. AAMCO Elec.

v.

RHODE ISLAND INSURERS' INSOLVENCY FUND.

No. 94-34-Appeal.

Supreme Court of Rhode Island.

July 18, 1995.

James A. Currier, Providence, for plaintiff.

Joseph Tanski, Boston, MA, Manuel C. Andrews, Jr., Thomas C. Angelone, Hodosh, Spinella & Angelone, Providence, for defendant.

## OPINION

WEISBERGER, Chief Justice.

This case comes before us on the appeal of Fred Bassi d.b.a. AAMCO Electric (Bassi) from the denial of his motion for summary judgment and the granting of a cross-motion for summary judgment in favor of the Rhode Island Insurers' Insolvency Fund (fund). Bassi asserts that he was entitled to have the fund defend and indemnify him in an action filed against him in Workers' Compensation Court. The fund refused to do so because Bassi's claim was not filed on or before the final date set by a justice of the Superior Court for the filing of such claims. Bassi thereafter filed a complaint in the Superior Court, seeking a declaratory judgment regarding his claim against the fund. Both parties filed motions for summary judgment, and on October 19, 1993, the motion justice granted the fund's motion and denied Bassi's. We agree with the determination of the motion justice and affirm his decision.

The facts in the case are undisputed. Those facts that are pertinent to the appeal are as follows.

The Legislature initially established the Rhode Island Insurers' Insolvency Fund in 1970 in order to provide protection for the claimants and policyholders of insurance companies that become insolvent.[1] The Rhode Island Insurers' Insolvency Fund Act (act), G.L.1956 (1989 Reenactment) chapter 34 of title 27, requires that specific types of insurance companies maintain membership in the fund as a condition of their authority to sell insurance in Rhode Island. Section 27–34–6. Insurance companies authorized to sell policies covering workers' compensation liability are among the companies required to maintain membership in the fund. *Id.* American Universal Insurance Company (American) was a member of the fund and provided workers' compensation liability coverage to Bassi.

American provided Bassi with workers' compensation liability coverage from July 16, 1989, through July 16, 1990. During this time Bassi was a sole proprietor doing business as AAMCO Electric. He employed Ishkhan Tavitian (Tavitian), who was allegedly injured while Bassi was insured by American.

By decree entered January 8, 1991, a justice of the Superior Court declared American insolvent. Pursuant to the authority vested in him by § 27–34–8(a)(1)(iii) of the act, the justice set January 8, 1992, as the final date for filing claims with American's court-appointed receiver.

In or about September 1992, United States Fidelity and Guaranty (USF & G), a workers' compensation insurance carrier for a prior employer of Tavitian filed a petition for apportionment in the Workers' Compensation Court against Bassi. Subsequently, Bassi filed a petition relating to the controversy in the Workers' Compensation Court and named the fund as a party. In that petition Bassi requested that the fund defend him in the apportionment action brought by USF & G.

Bassi's claim, however, was not filed with the receiver by January 8, 1992, the final date such claims could be filed, and was therefore not filed in a timely manner. Although it is true that Bassi had no knowledge of the claim filed against him by USF & G until September 24, 1992 (almost nine

---

1. The act establishing the fund was repealed by P.L.1988, ch. 407, § 1. A substantially similar act was simultaneously established by P.L.1988, ch. 407, § 2.

months after the final date for the filing of claims with the receiver), his claim is clearly not a "covered claim" according to the language of the statute. Section 27–34–8(a)(1)(iii).

■ Bassi contends on appeal that since he has paid a premium to maintain membership in the fund, he is therefore entitled to have the fund defend and indemnify him in the suit brought against him by USF & G, even though his claim was not timely filed. In addition Bassi, citing *Kennedy v. Cumberland Engineering Co.,* 471 A.2d 195 (R.I. 1984), claims that adherence to the filing deadline violates the Rhode Island Constitution by denying him access to the courts and the opportunity to adjudicate his claim. We need not address that portion of Bassi's argument, however, since he failed to raise the issue at the trial level.

■ It is well settled that this court will not consider issues that are raised for the first time on appeal. *State v. Burke,* 529 A.2d 621, 627 (R.I.1987); *State v. Long,* 488 A.2d 427, 432 (R.I.1985); *see also Ludwig v. Kowal,* 419 A.2d 297, 302 (R.I.1980). Only in very limited circumstances, wherein there is a violation of a basic and newly announced constitutional right, shall we make an exception to this rule. An exception will be made only when (1) the error complained of is more than harmless error, (2) the record is sufficient to permit a determination of the issue, (3) the issue is of constitutional dimension, and (4) counsel's failure to raise the issue is attributable to a novel rule of law that counsel could not reasonably have known during trial. *State v. Estrada,* 537 A.2d 983, 987 (R.I.1988); *State v. Burke,* 522 A.2d 725, 731 (R.I.1987).

In the instant case, Bassi argues that his due-process rights were violated since his access to the court was denied because of the time bar for filing claims. Bassi's argument does not involve a novel rule of law and could have been raised at the trial-court level. In fact the decision upon which Bassi relies is a 1984 case and was therefore readily available to him. *See Kennedy v. Cumberland Engineering Co., supra.*

■ Even assuming Bassi had raised the constitutional issue at the trial level, his appeal would nevertheless be denied. This court recently addressed the same issue in *Whitehouse v. Rumford Property and Liability Insurance Co.,* 658 A.2d 506 (R.I.1995). The court's decision in that case is controlling in the instant case.

In *Whitehouse,* Rumford Property and Liability Insurance Company (Rumford) was a member of the fund and provided multiperil insurance to Sprint Systems of Photography, Inc. (Sprint) from September 13, 1989, through September 13, 1990. *Id.* at 507. On June 18, 1990, the Superior Court entered a decree declaring Rumford insolvent and set June 18, 1991, as the final date for which claimants and creditors could file claims against Rumford. *Id.*

In November 1992 an action was initiated against Sprint for alleged personal injuries sustained while Sprint was insured by Rumford. Sprint first received indirect notice of the suit in April 1993, and the notice was subsequently forwarded to Rumford and then to the fund. *Id.* When the fund declined coverage because the claim was not timely filed, Sprint petitioned the Superior Court to allow the claim to be filed. After a hearing, the Superior Court granted Sprint's petition and allowed the claim to be filed more than two years after the bar date of June 18, 1991. *Id.* The fund appealed the order.

In reversing the Superior Court's order, this court noted that one of the purposes of the fund is to protect claimants and policyholders of specified insurance companies in the event those companies become insolvent. *Id.* at 508 (citing G.L.1956 (1989 Reenactment) § 27–34–2). Section 27–34–2 states in pertinent part that the purpose of the act is "to provide a mechanism for the payment of covered claims under certain insurance policies to avoid excessive delay in payment and to avoid financial loss to claimants or policyholders because of the insolvency of an insurer[.]" We further stated in *Whitehouse,* however, that the plain and unambiguous language of § 27–34–8(a)(1)(iii) provides such protection for "covered" claims only. *Whitehouse,* 658 A.2d at 508. Section 27–34–

8(a)(1)(iii) states that "a covered claim shall not include any claim filed with the fund after the final date set by the court for the filing of claims against the liquidator or receiver of an insolvent insurer."

In the instant case, as in *Whitehouse,* the claim at issue was filed out of time. In other words the claim was filed after the final date set by the Superior Court and was therefore not a covered claim according to the act. Although it is unfortunate for Bassi that he was not aware of the claim filed against him until after the filing date had passed, this court has no authority upon which to allow the filing of an out-of-time claim in this case.

■ This court has consistently held that when a statute has a plain, clear, and unambiguous meaning, no interpretation is required. *Vector Health Systems v. Revens,* 643 A.2d 795, 797–98 (R.I.1994); *Krupa v. Murray,* 557 A.2d 868, 869 (R.I.1989). In the instant case the intended meaning of the act is clear from its language. Furthermore, although the Legislature has provided protection for claimants and policyholders of specific insurance companies that become insolvent, that protection is not absolute. *Whitehouse,* 658 A.2d at 508; *accord Satellite Bowl, Inc. v. Michigan Property & Casualty Guaranty Association,* 165 Mich.App. 768, 772, 419 N.W.2d 460, 462 (1988) (per curiam). Without a deadline for filing claims, the liquidation of an insolvent insurance company could not be effected until the statutes of limitations on all potential claims had expired. *Ohio Insurance Guaranty Association v. Berea Roll & Bowl, Inc.,* 19 Ohio Misc.2d 3, 5, 482 N.E.2d 995, 998 (1984).

Moreover, this court has no basis upon which to circumvent the language and meaning of the act since "ignorance of the claim is not recognized by statute to forgive a late filing." *Whitehouse,* 658 A.2d at 509 (quoting *Jason v. Superintendent of Insurance,* 67 A.D.2d 850, 851, 413 N.Y.S.2d 17, 18 (1979), *aff'd,* 49 N.Y.2d 716, 402 N.E.2d 143, 425 N.Y.S.2d 804 (1980)). If there is to be any equitable relief in such situations, it is the function of the Legislature to fashion the remedy. 658 A.2d at 509.

For the reasons stated, Bassi's appeal is denied and dismissed. The judgment of the Superior Court is affirmed. The papers in the case may be remanded to the Superior Court.

BOURCIER, J., did not participate.