Esmel ALEXANDER, Petitioner,

v.

INDUSTRIAL CLAIM APPEALS OF-
FICE OF THE STATE OF COLORADO;
Ebasco Constructors, Inc.; and Colora-
do Insurance Guaranty Association, Re-
spondents.

No. 00CA1061.

Colorado Court of Appeals,
Div. V.

Aug. 16, 2001.

Rehearing Denied Oct. 25, 2001.

Certiorari Denied Feb. 25, 2002. *

Withers, Seidman & Rice, P.C., Charles E. Withers, Boulder, CO, for Petitioner.

* Justice BENDER would grant as to the following issue: Whether the requirement in section 10-4-508(1)(a) that, as a prerequisite to recovery against CIGA, the claimant must file a workers' claim for compensation before his workers' compensation claim accrues under the Workers' Compensation Act, is a violation of due process and equal protection guarantees.

No Appearance for Respondents Industrial Claim Appeals Office and Ebasco Constructors, Inc.

Kennedy & Christopher, P.C., John R. Mann, Denver, CO; Law Offices of Steven J. Picardi, P.C., Steven J. Picardi, Denver, CO, for Respondent Colorado Insurance Guaranty Association.

Opinion by Judge KAPELKE.

In this workers' compensation case, petitioner, Esmel Alexander (claimant), seeks review of a final order of the Industrial Claim Appeals Office (Panel), affirming an order of the Administrative Law Judge (ALJ) dismissing his claim against respondent, Colorado Insurance Guaranty Association (CIGA). Claimant contends that § 10–4–508(1)(a), C.R.S.2000, which limits the claims CIGA must pay, violates his constitutional rights to due process and equal protection and also denies him access to the courts in violation of article II, section 6 of the Colorado Constitution. We disagree with his contentions and therefore affirm.

In 1997, claimant filed with the Colorado Division of Labor a claim for workers' compensation benefits. He alleged that while he worked for Ebasco Constructors, Inc. (employer), he was exposed to asbestos and as a result became permanently disabled in 1997. He further alleged that the last injurious exposure was in 1986 and that employer's workers' compensation insurer at that time was Employers National Insurance Company (insurer).

However, insurer had become insolvent and had been placed in permanent receivership by a Texas court in 1994. That court established July 31, 1995, as the deadline for filing proofs of claim with the receiver. Claimant did not file a proof of claim with the Texas receiver until 1998.

In this Colorado proceeding, CIGA was substituted for the insurer and thereafter moved for summary judgment. CIGA argued that because claimant had failed to file his proof of claim by the 1995 deadline established by the Texas court, his claim was not a "covered claim" that CIGA was required to pay pursuant to § 10–4–508(1)(a). Claimant

filed a cross-motion for summary judgment, arguing that § 10–4–508(1)(a) was unconstitutional.

The ALJ granted CIGA's motion for summary judgment and dismissed claimant's claim. The Panel affirmed. Both the ALJ and the Panel declined to address claimant's constitutional arguments, noting that they lacked authority to do so.

I.

Claimant first contends that § 10–4–508(1)(a) violates his constitutional rights to substantive due process and equal protection. We disagree.

CIGA is a nonprofit, unincorporated legal entity created by the Colorado Insurance Guaranty Association Act (the Act), § 10–4–501, et seq., C.R.S.2000, to create a means for insureds to recover on claims against insolvent insurers. See Colorado Ins. Guar. Ass'n v. Harris, 827 P.2d 1139 (Colo.1992).

The purposes of the Act are "to provide a mechanism for the payment of covered claims under certain insurance policies, to avoid excessive delay in payment and financial loss to claimants or policyholders because of the insolvency of an insurer, to assist in the detection and prevention of insurer insolvencies, and to provide an association to assess the cost of such protection among insurers." Section 10–4–502, C.R.S. 2000.

The Act, in combination with the Uniform Liquidation Act, § 10–3–501, et seq., C.R.S. 2000, establishes a procedure for claimants to file claims within their own state even though the receiver of the insolvent insurer is in another state. The receiver is bound by CIGA's settlements of covered claims. Section 10–4–511, C.R.S.2000.

CIGA steps into the shoes of the insolvent insurer to pay claims within the coverage and limits of the insurance policy. Barr v. Colorado Ins. Guar. Ass'n, 926 P.2d 102, 104 (Colo.App.1995). Section 10–4–508(1)(a) states that CIGA "shall pay the full amount of any covered claim arising out of workers' compensation policies." However, that section goes on to state that "a covered claim shall not include any claim filed with [CIGA]

after the final date set by the court for the filing of claims against the liquidator or receiver of an insolvent insurer."

Claimant argues that the exclusion from coverage in § 10–4–508(1)(a) of claims filed after the deadline set in the receivership proceedings unconstitutionally results in dissimilar treatment of similarly situated persons. Specifically, claimant asserts that he and other persons who become disabled *after* the deadline for claims in the receivership proceeding are improperly treated differently from those who become disabled *before* the deadline. We are not persuaded.

■ Statutes are presumed constitutional, and parties challenging them on constitutional grounds must prove unconstitutionality beyond a reasonable doubt. *City of Greenwood Vill. v. Petitioners for Proposed City of Centennial*, 3 P.3d 427 (Colo.2000).

As claimant concedes, because receipt of workers' compensation benefits does not implicate a fundamental right, our review of § 10–4–508(1)(a) is governed by the rational basis standard. *See Indus. Claim Appeals Office v. Romero*, 912 P.2d 62, 66 (Colo.1996); *Collins v. Jaquez*, 15 P.3d 299 (Colo.App. 2000).

■ Under the rational basis standard, a statutory classification will stand if it bears a rational relationship to a legitimate governmental objective and is not unreasonable, arbitrary, or capricious. Further, if any conceivable set of facts would lead to the conclusion that a classification serves a legitimate purpose, a court must assume that those facts exist. *Industrial Claim Appeals Office v. Romero, supra*.

Thus, the issue here is whether the exclusion in § 10–4–508(1)(a) of claims filed after the deadlines set in receivership proceedings meets that standard.

■ As discussed, one of the purposes of the Act is to avoid excessive delay in payment and financial loss to claimants or policyholders because of the insolvency of an insurer. The exclusion of late claims serves that purpose.

Although not in the context of an equal protection challenge, courts in other states having insurance guaranty statutes similar to the Act have consistently upheld the deadline provisions, even where, as here, the claimant allegedly was unaware of the claim before the deadline in the receivership proceeding. *See Union Gesellschaft Fur Metal Industrie Co. v. Illinois Ins. Guar. Fund*, 190 Ill. App.3d 696, 138 Ill.Dec. 21, 546 N.E.2d 1076 (Ill.App.1989). In so ruling, the courts have recognized the legitimate objectives served by requiring timely filing of claims. *See Satellite Bowl, Inc. v. Michigan.Prop. & Cas. Guar. Ass'n*, 165 Mich.App. 768, 419 N.W.2d 460 (1988)(insurance guaranty association is authorized to seek reimbursement from insolvent insurer's estate for payments made to claimants, and requirement of timely filing of claims enhances association's ability to recover such reimbursement); *In re Liquidation of Prof'l Ins. Co.*, 67 A.D.2d 850, 413 N.Y.S.2d 17 (1979)(noting possible dilution of recovery on timely filed claims if parties holding deferred claims are allowed to participate in guaranty fund), *aff'd*, 49 N.Y.2d 716, 425 N.Y.S.2d 804, 402 N.E.2d 143 (1980); *Lake Hosp. Syst., Inc. v. Ohio Ins. Guar. Ass'n*, 69 Ohio St.3d 521, 634 N.E.2d 611 (1994)(allowing late-filed claims would prolong distribution of insolvent insurer's assets to detriment of other claimants and the guaranty associations); *Cannelton Indus., Inc. v. Aetna Cas. & Sur. Co.*, 194 W.Va. 203, 460 S.E.2d 18 (1994)(interpreting statutory provision nearly identical to § 10–4–508(1)(a)).

In *Blizzard v. W.H. Roof Co.*, 556 So.2d 1237 (Fla.Dist.Ct.App.1990), *aff'd*, 573 So.2d 334 (Fla.1991), a claimant challenged the constitutionality of a statute that created a one-year limitation period for an action against any guaranty association and its insured. The claimant argued that the statute violated the equal protection clause of the Florida Constitution because it shortened the general four-year statute of limitations period for negligence claims by providing a one-year limitation period for negligence actions against an insured whose insurer had become insolvent. In rejecting the claimant's argument, the Florida Court of Appeals found that the limitation period was rationally related to the legislative purpose of preventing

financial loss to claimants and policyholders because of the insolvency of the insurer.

Thus, as other courts have recognized, a limitation provision such as that in § 10–4–508(1)(a) serves legitimate governmental purposes, such as ensuring finality and the prompt recovery of reimbursement by the guaranty association from the estates of insolvent insurers, and is reasonably related to such purposes. Accordingly, we reject claimant's contention that the exclusion in § 10–4–508(1)(a) violates equal protection or substantive due process rights.

## II.

We also disagree with claimant's contention that § 10–4–508(1)(a) denies him access to the courts in violation of article II, section 6 of the Colorado Constitution, which provides: "Courts of justice shall be open to every person, and a speedy remedy afforded for every injury to person, property or character . . . ."

The right of access to the courts applies to cognizable legal rights and ensures that the courts will be available to afford a remedy for such rights. However, article II, section 6 does not create a substantive right. Instead, it provides a procedural right to a judicial remedy whenever the General Assembly creates a substantive right that accrues under Colorado law. *Allison v. Indus. Claim Appeals Office,* 884 P.2d 1113 (Colo. 1994).

Here, because claimant did not file a timely claim in the insurer's receivership proceeding, under the plain language of § 10–4–508(1)(a) his claim against CIGA is not, by definition, a "covered claim." Thus, he has no cognizable legal basis to recover from CIGA. Accordingly, the constitutional right of access to courts is not implicated.

Order affirmed.

Judge TAUBMAN and Judge NIETO concur.