Matter of Atlantic Mut. Ins. Co. v Superintendent of Fin. Servs. of the State of N.Y. (2022 NY Slip Op 05300)

Matter of Atlantic Mut. Ins. Co. v Superintendent of Fin. Servs. of the State of N.Y.

2022 NY Slip Op 05300

Decided on September 27, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 27, 2022

Before: Manzanet-Daniels, J.P., Kapnick, Friedman, Scarpulla, Mendez, JJ. 

Index No. 402424/10 Appeal No. 16278 Case No. 2021-04279 

[*1]In the Matter of Atlantic Mutual Insurance Company, Petitioner, United Synagogue of Conservative Judaism, Claimant-Appellant,
v
Superintendent of Financial Services of the State of New York, etc., Respondent-Respondent.

Weg & Myers, P.C., Rye Brook (Joshua L. Mallin of counsel), for appellant.
Bressler, Amery & Ross, P.C., New York (Cynthia J. Borrelli of counsel), for respondent.

Order, Supreme Court, New York County (Carol Edmead, J.), entered September 16, 2021, which denied claimant's motion to reject a June 30, 2021 referee's decision finding that the New York Liquidation Bureau properly enforced the bar date that precluded consideration of claimant's insurance claim submitted in the liquidation of petitioner Atlantic Mutual Insurance Company, to modify the bar date to allow for the claim to be considered, and to direct the New York Liquidation Bureau to accept and process claimant's claim on the merits, unanimously affirmed, without costs.
The court properly denied claimant's motion to reject the referee's decision, which enforced the liquidation bar date against claimant's claim for funds from the Property/Casualty Insurance Security Fund for defense and indemnification of a tort action filed against it under New York's Child Victim Act (CVA). The CVA was adopted in 2019 to open a window reviving civil actions based on criminal cases involving certain sex offenses for which the statute of limitations had already run. Although claimant, in these circumstances, could not timely assert the coverage claim in the liquidation proceeding prior to the bar date, given the clear need for finality with respect to liquidation proceedings, the courts uniformly enforce bar dates (see e.g. Matter of Liquidation of Midland Ins. Co., 145 AD3d 601 [1st Dept 2016]). Moreover, because the legislature enacted CVA-related amendments to other statutes, but did not amend or express a legislative intent to alter the Insurance Law in this relevant respect, the lower court correctly found that no constitutional, equitable, or public policy considerations require or support an order modifying the bar dates to address this "hardship" to such insureds (see e.g. Matter of Professional Ins. Co. of N.Y. [Superintendent of Ins. of State of N.Y.], 67 AD2d 850 [1st Dept 1979], affd 49 NY2d 716 [1980]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 27, 2022