[Cite as *Ohio Ins. Guar. Assn. v. Pikkel*, 2012-Ohio-930.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97263**

## OHIO INS. GUARANTY ASSN.

PLAINTIFF-APPELLANT

vs.

## BONNIE PIKKEL, ET AL.

DEFENDANTS-APPELLEES

**JUDGMENT:**
**AFFIRMED**

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-726612

**BEFORE:** Sweeney, J., Boyle, P.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** March 8, 2012

**ATTORNEYS FOR APPELLANT**

Marcel C. Duhamel, Esq.
Heather M. Lutz, Esq.
Vorys, Sater, Seymour & Pease, L.L.P.
1375 East Ninth Street
2100 One Cleveland Center
Cleveland, Ohio    44114

Ronald A. Rispo, Esq.
Harry T. Sigmier, Esq.
Weston Hurd, L.L.P.
The Tower at Erieview
1301 East Ninth Street, Suite 1900
Cleveland, Ohio 44114-1862


**ATTORNEYS FOR APPELLEES**

Robert F. Linton, Esq.
Stephen T. Keefe, Esq.
Linton & Hirshman
Hoyt Block, Suite 300
700 West St. Clair Avenue
Cleveland, Ohio 44113

Douglas L. Hertlein, Esq.
Allen, Kuehnle, Stovall & Neuman, L.L.P.
17 South High Street, Suite 1220
Columbus, Ohio 43215

JAMES J. SWEENEY, J.:

{¶1} Plaintiff-appellant Ohio Insurance Guaranty Association ("OIGA") appeals the court's granting summary judgment to defendants-appellees Bonnie Pikkel and her family ("the Pikkels") and MCS Capital, LLC ("MCS") in this dispute over a settlement agreement. After reviewing the facts of the case and pertinent law, we affirm.

{¶2} The Pikkels filed a medical malpractice claim against Lakeland Emergency Associates. OIGA became involved in the litigation because Lakeland's insurance company was adjudicated insolvent and forced into liquidation proceedings. In August 2002, OIGA, the Pikkels, and the liquidator entered into a settlement agreement ("the Agreement"), the relevant terms of which are as follows: 1) the reasonable settlement value of the claim was $1,300,000; 2) OIGA agreed to pay the Pikkels $600,000 immediately; 3) the liquidator agreed to allow a claim for the remaining $700,000 "in any final pro-rata distribution of * * * assets"; and 4) the Pikkels agreed to release any and all claims against OIGA and the liquidator. The parties do not dispute that OIGA paid the Pikkels $600,000 as promised.

{¶3} On the same day, the Pikkels and OIGA entered into an additional confidential agreement ("the Additional Agreement"), of which the liquidator was unaware. The Additional Agreement guaranteed the Pikkels $400,000 from the liquidation proceedings — if the Pikkels received less, OIGA agreed to pay the Pikkels the difference; if the Pikkels received more, the Pikkels agreed to pay OIGA the surplus.

{¶4} In October 2006, the liquidator paid the Pikkels $245,000 as a partial distribution of the proceeds. In September 2008, the Pikkels sold and assigned the remainder of their liquidation claim to MCS for $227,500. The Pikkels did not disclose the existence of the Additional Agreement to MCS.

{¶5} In December 2009, the liquidator made a final distribution of $329,988 on the Pikkel matter to MCS. The total amount the liquidator paid on the Pikkel claim was $574,988.

{¶6} On May 13, 2010, OIGA filed a complaint against the Pikkels and MCS, seeking to recover $174,988 (the amount the liquidator paid on the Pikkel claim in excess of $400,000) under the Additional Agreement. On August 8, 2011, the court denied OIGA's summary judgment motion and granted the Pikkel's summary judgment motion, finding that the Additional Agreement was void and unenforceable as a matter of law.

{¶7} OIGA appeals and raises three assignments of error for our review.

I.

The trial court erred in granting summary judgment in favor of [the Pikkels].

II.

The trial court erred in denying [OIGA's] motion for summary judgment.

III.

The trial court erred in entering judgment as a matter of law in favor of [MCS].

{¶8} Appellate review of summary judgment is de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). The Ohio Supreme Court

set forth the test for determining whether summary judgment is appropriate in *Zivich v. Mentor Soccer Club*, 82 Ohio St.3d 367, 369–370, 696 N.E.2d 201 (1998), as follows:

> Pursuant to Civ.R. 56, summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor. *Horton v. Harwick Chem. Corp.* (1995), 73 Ohio St.3d 679, 653 N.E.2d 1196, paragraph three of the syllabus. The party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 292–293, 662 N.E.2d 264, 273–274.

{¶9} In the instant case, the trial court issued a 24-page opinion detailing its reasoning behind granting summary judgment to the Pikkels. In essence, the court concluded that the Additional Agreement was void and unenforceable for the following reasons: 1) the Additional Agreement amounted to champerty and maintenance under *Rancman v. Interim Settlement Funding Corp.*, 99 Ohio St.3d 121, 2003-Ohio-2721, 789 N.E.2d 217; 2) OIGA acted outside the scope of its limited statutory power in entering into the Additional Agreement; 3) OIGA's actions contradicted the purpose for which OIGA was created; 4) OIGA's promise in the Additional Agreement was illusory; and 5) the Additional Agreement violated a court order approving the liquidation distribution.

{¶10} Upon review, we find that OIGA lacked the statutory authority to enter into the Additional Agreement. As such, we limit our focus to this point of law.

> An administrative agency has no authority beyond the authority conferred by statute and it may exercise only those powers that are expressly granted by the General Assembly. *State ex rel. Lucas Cty. Bd. of Commrs. v. Ohio Environmental*, 88 Ohio St.3d 166, 171, 724 N.E.2d 411 (2000). This court has held that a contract entered into by a county board was void when

"the Board acted in contravention of the applicable statute when awarding the contract * * *. *Cuyahoga County Bd. of Commissioners v. Richard L. Bowen & Associates, Inc.,* 8th Dist. No. 81867, 2003-Ohio-3663, ¶20. *See also Bohach Advery*, 7th Dist. No. 00CA265, 2002-Ohio-3202, ¶18 (holding that a zoning inspector's promise, which was made outside the scope of his statutory authority, amounted to an ultra vires act).

**{¶11}** The purpose of OIGA is "to provide a mechanism for the payment of covered claims * * *, avoid excessive delay in payment and reduce financial loss to claimants * * * because of the insolvency of an insurer * * *." R.C. 3955.03. In *PIE Mut. Ins. Co. v. Ohio Ins. Guar. Assoc.*, 66 Ohio St.3d 209, 212, 611 N.E.2d 313 (1993), the Ohio Supreme Court stated that OIGA was "created to provide a means to compensate insureds or third-party claimants when an insurance company is unable to meet its obligations."

**{¶12}** The statutory powers and duties of the OIGA are expressed in R.C. 3955.08, which states in pertinent part that OIGA shall:

(A)(1) Be obligated to the extent of the covered claims existing prior to the determination that an insolvent insurer exists * * *.

(2) Be deemed the insurer to the extent of its obligation on the covered claims and to such extent shall have all rights, duties, and obligations of the insolvent insurer as if the insurer had not become insolvent;

* * *

(4) Investigate claims brought against [OIGA] and adjust, compromise, settle, or pay covered claims to the extent of [OIGA's] obligation and deny all other claims * * *.

**{¶13}** Pursuant to R.C. 3955.01(D), a covered claim is "an unpaid claim, * * * which arises out of and is within the coverage of an insurance policy * * * when issued by an insurer which becomes * * * insolvent * * *."

**{¶14}** The *PIE Mut. Court* also expanded on what it means have an unpaid claim. "An unpaid claim is one which arose from an insured event and has yet to be satisfied either by the insolvent carrier or by OIGA." *Id.* at 213. The court determined that a subrogation cause of action was not a "covered claim" under R.C. Chapter 3955, because "the claim has been converted from an unpaid claim to a paid claim through settlement." *Id.*

**{¶15}** Although we are not concerned with subrogation rights in the instant case, we analogize the issue at hand with the court's holding in *PIE Mut.* OIGA settled its claim with the Pikkels when the parties entered into the Agreement and OIGA paid the Pikkels $600,000. Paragraph 4(A) of the Agreement states that:

> [i]n consideration of the payment made by the OIGA and the allowance of a * * * claim by the Liquidator, [the Pikkels] hereby [agree] * * * [t]o release, settle, cancel and forever discharge and acknowledge to be fully and fairly satisfied, any and all claims, demands, rights and causes of action * * * which [the Pikkels] * * * may have or assert against * * * OIGA * * *.

**{¶16}** Pursuant to R.C. 3955.08, OIGA had no obligation to pay the Pikkels more than $600,000. When this was paid, the Pikkel matter was no longer a covered claim as envisioned by R.C. Chapter 3955. Not only does OIGA have no duty regarding claims that are not covered, when it comes to uncovered claims, OIGA has no power to

take any action at all.  *Compare Lake Hosp. Sys., Inc. v. Ohio Ins. Guar. Assn.*, 69 Ohio St.3d 521, 526, 634 N.E.2d 611 (1994) (holding that

> [t]he language of R.C. 3955.08(A) is mandatory and does not provide any discretion on the part of [OIGA] to entertain claims that have been filed after the final date set for filing claims in a liquidation proceeding. * * * OIGA, as a creature of statute, must comply with the clear provisions of the Act that defines its powers and duties).

{¶17}  Accordingly, under the unique facts of the case at hand, OIGA lacked the authority to enter into the Additional Agreement.   Therefore, it is unenforceable and the Pikkels, along with MCS, are entitled to summary judgment as a matter of law.   OIGA's three assignments of error are overruled.

{¶18}   Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

JAMES J. SWEENEY, JUDGE

MARY J. BOYLE, P.J., and
SEAN C. GALLAGHER, J., CONCUR